# EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP

JONATHAN S. ABADY
MATTHEW D. BRINCKERHOFF
ANDREW G. CELLI, JR.
RICHARD D. EMERY
DEBRA L. GREENBERGER
DIANE L. HOUK
DANIEL J. KORNSTEIN
JULIA P. KUAN
HAL R. LIEBERMAN
ILANN M. MAAZEL
KATHERINE ROSENFELD
ZOE SALZMAN
SAM SHAPIRO
EARL S. WARD
O. ANDREW F. WILSON

ATTORNEYS AT LAW
600 FIFTH AVENUE AT ROCKEFELLER CENTER
10TH FLOOR
NEW YORK, NEW YORK 10020

TEL: (212) 763-5000
FAX: (212) 763-5001
www.ecbawm.com

MONDAIRE JONES
VASUDHA TALLA

ERIC ABRAMS
NICK BOURLAND
HANNAH BRUDNEY
DANIEL M. EISENBERG
ARIADNE M. ELLSWORTH
SARA LUZ ESTELA
BIANCA HERLITZ-FERGUSON
LAURA S. KOKOTAILO
SONYA LEVITOVA
HAFSA S. MANSOOR
SANA MAYAT
VIVAKE PRASAD
MAX SELVER
EMILY K. WANGER
RACHAEL WYANT
SYDNEY ZAZZARO

November 15, 2024

**By ECF**

Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

   Re: *Othman v. City of New York*, 24-cv-8000 (PAE)
      *Clark v. City of New York*, 18-cv-2334 (AT) (KHP)

Dear Judges Engelmayer and Torres,

  We represent Plaintiff Deena Othman, and we write in response to Defendant the City of New York's ("the City's") letter motion of November 14, 2024 (Doc. 12) requesting that this case, *Othman v. City of New York*, 24-cv-8000 (PAE), be related to *Clark v. City of New York*, 18-cv-2334 (AT) (KHP). While Ms. Othman takes no position regarding the City's request, we write to provide more context relevant to the Court's decision.

  When determining whether cases are related, judges in this District consider "whether (A) the actions concern the same or substantially similar parties, property, transactions, or events; (B) there is substantial factual overlap; (C) the parties could be subjected to conflicting orders; and (D) whether absent a determination of relatedness there would be a substantial

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Page 2

duplication of effort and expense, delay, or undue burden on the court, parties, or witnesses." Rule 13(a)(1) of the Rules for the Division of Business Among District Judges. "Civil cases shall not be deemed related merely because they involve common legal issues or the same parties." Rule 13(a)(2).

Applying these factors to this case, it is not immediately clear that this case should be related to *Clark* for a variety of reasons.

While their subject matter is similar, the two cases are distinct. *Clark* challenged the practice of the New York City Police Department ("NYPD") to remove religious head coverings for booking photos under RLUIPA and the First Amendments of the U.S. and New York constitutions; it sought injunctive relief and damages on behalf of a class of all persons who were required to remove religious head coverings for post-arrest photographs while in NYPD custody attendant to an arrest that occurred between March 16, 2014 and August 23, 2021. The injunctive claims were resolved by court-ordered stipulation on November 5, 2020, which ordered implementation of the NYPD's current policy on the removal of religious head coverings for booking photos ("the Policy") (18-cv-2334, Doc. 153); and the parties have agreed to a settlement of the damages claims with a fairness hearing for final approval on November 18, 2024 (18-cv-2334, Doc. 354). The complaint in this case alleges the NYPD falsely arrested and detained Ms. Othman in January 2023 in contravention of her Fourth Amendment rights, and it violated her religious rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") by removing her religious head covering for her booking photo. The NYPD's forced removal of her hijab violated the Policy, which the NYPD enacted pursuant to a court-ordered stipulation in *Clark*.

Under Rule 13, the fact that two actions have some common legal issues (here, the application of the Policy) is insufficient to make them related. Neither the language of Rule 13 nor the *Clark* settlements require that all religious head covering removal cases be marked as related and decided by the same judges. In addition, *Clark* is likely to be closed soon—the fairness hearing is scheduled for next Monday—and long before the disposition of this case. The City notes that Judges Torres and Parker have presided over several cases marked as related to *Clark*. It omits to mention, however, that plaintiffs in those related cases were arrested within the class period, such that their claims were also subject to disposition by *Clark*. In comparison, Ms. Othman's arrest occurred 1.5 years after the close of the class period in *Clark*, and her claims could therefore only be adjudicated separately from *Clark*.

On the other hand, Judges Torres and Parker have extensive familiarity with the Policy through their six years of adjudicating the *Clark* action. The Policy is likely to bear on adjudication of liability on Ms. Othman's RLUIPA claim, and the interests of judicial efficiency may be served by a determination of relatedness. Further, as the City notes, Magistrate Judge Parker is expected to retain ongoing jurisdiction through the end of the year over the NYPD's reporting obligations pursuant to the injunctive settlement.

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Page 3

      Accordingly, we take no position on the City's request, and we defer to the Court as to whether to mark *Othman* and *Clark* related.

Respectfully submitted,

O. Andrew F. Wilson
Hafsa S. Mansoor

cc:    All counsel of record